**FILED**

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 1 4 2010 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

```
                                    )
UNITED STATES OF AMERICA,           )        08-CR-612
                                    )
        v.                          )        Statement of Reasons Pursuant to
                                    )        18 U.S.C. § 3553(c)(2)
                                    )
JASON SERRANO,                      )
                                    )
        Defendant.                  )
                                    )
```

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted).

On October 2, 2008, Jason Serrano pled guilty to a single-count indictment which charged that that on July 8, 2008, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, he did knowingly and intentionally possess, in and affecting commerce, a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).

Serrano was sentenced on December 4, 2009. The defendant objected to videotaping and the proceeding was not videotaped. See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotaping of sentencing on appeal).

At sentencing, the court found the total offense level to be 21. The court found that defendant's criminal history category of four over-represented his actual criminal history and his criminal history was adjusted to category two. These findings yielded a guidelines range of imprisonment of between 41 and 51 months. The offense carried a maximum term of imprisonment of ten years. See 18 U.S.C. § 924(a)(2). The guidelines range of fine was from $7,500 to $75,000. The maximum fine was $250,000. See 18 U.S.C. § 3571(b)(3).

Serrano was sentenced to 36 months of imprisonment and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

The Presentence Investigation Report indicated that a criminal history category of four might over-represent the defendant's prior criminal conduct. The court adjusted defendant's criminal history category based on a determination that "defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history" and "the likelihood that the defendant will commit other crimes." See U.S.S.G. § 4A1.3(b)(1). The court found that because of the juvenile nature of defendant's past crimes, the appropriate criminal history category was two. See Sentencing Tr. 15, Dec. 4, 2009.

2

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and Booker.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious in view of the dangers posed by firearm possession. Defendant was a troubled child who had problems in school from a young age and was sent to a school for children with emotional disturbances. He is young and has a supportive mother and several supporting siblings. He has accepted responsibility for this offense. A sentence of 36 months reflects the seriousness of the offense, and will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that possession of a firearm by someone previously convicted of a serious crime will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's ability to apply for certain employment. It is unlikely that he will engage in further criminal activity in light of his relative youth at the time of the offense, his supportive family, and his acceptance of responsibility.

Jack B. Weinstein
Senior United States District Judge

Dated: January 11, 2010
Brooklyn, New York

3