UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 1 0 2014 ★
BROOKLYN OFFICE

UNITED STATES OF AMERICA

– against –

JASON SERRANO,

Defendant.

08-CR-612

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On October 2, 2008, Jason Serrano pled guilty to a single-count indictment, which charged that on July 8, 2008, he did knowingly and intentionally possess a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On December 4, 2009, he was sentenced to 36 months custody and 3 years supervised release with a special condition requiring him to participate in a substance abuse treatment program.

On June 27, 2014, Serrano pled guilty to Count One of a two-count indictment, charging him with violation of the terms of his supervised release. Count Two was dismissed. Serrano was sentenced to 30-days incarceration and no supervised release. A $100 special assessment was imposed. No other fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

In July 2013, Serrano was discharged from a Brooklyn-based residential substance abuse treatment program for failing to comply with the program's requirements. He was referred to an out-patient substance abuse treatment program in Staten Island, NY, where he resides.

Serrano's urine specimen tested positive for marijuana use on July 31, 2013, his first day at the out-patient program. Conditions of his supervised release were modified on August 26, 2013, requiring him to serve a five-month term of home detention. This sanction was not imposed because the family member's home in which Serrano resided had experienced problems with their landline telephone service.

Serrano was discharged from the out-patient program due to chronic absences and continued drug use. The probation officer referred Serrano to another out-patient substance abuse treatment program on Staten Island, where he was subsequently discharged on March 21, 2014, again for chronic absences and continued drug use.

At his original sentencing in December 2009, the court found the total violation level to be 21. The court found that Serrano's criminal history category of IV over-represented his actual criminal history and adjusted it to category II. These findings yielded a guidelines range of imprisonment of between 41 and 51 months. The offense carried a maximum term of imprisonment of ten years. *See* 18 U.S.C. § 924(a)(2). The maximum fine was $250,000. *See* 18 U.S.C. § 3571(b)(3).

For the instant offense, Serrano was charged with grade "C" violations. *See* U.S.S.G. 7B1.1(a)(3). The court may revoke supervised release and impose custody or extend or modify the existing term of supervised release. *See* U.S.S.G. 7B1.3(a)(2). Since a criminal history category of II was found applicable at the original sentencing, the custody term for the violation is 4-10 months. *See* U.S.S.G. 7B1.4(a).

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). In light of his apparent addiction to marijuana, continuous use of the drug, and lack of motivation to change, no supervised release

is imposed. A sentence of 30 days reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). Serving a 30-day sentence will allow Serrano to exit incarceration without marijuana in his bloodstream.

Under section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any violation of supervised release will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation. Defendant will be discharged as unrehabilitated.

Jack B. Weinstein
Senior United States District Judge

Dated: July 9, 2014
Brooklyn, New York